# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | |
|---|---|
| TONY GOODMAN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>)<br>JAMES E. GRAHAM, *U.S. Magistrate*, )<br>and U.S. MARSHAL JOHN DOES 1-4, )<br>)<br>    Defendants. ) | Case No. CV612-008 |

## REPORT AND RECOMMENDATION

Tony Goodman has submitted for filing a 42 U.S.C. § 1983 complaint along with a motion to proceed in forma pauperis ("IFP"). (Docs. 1 & 2.) Goodman, however, is barred from proceeding IFP under 28 U.S.C. § 1915(g)'s "three strikes" provision.

Plaintiffs are generally required to pay $350 to institute a civil action in a federal district court. 28 U.S.C. § 1914. Indigent prisoners may avoid prepayment of the filing fee if they proceed IFP under 28 U.S.C.

§ 1915. In order to proceed IFP, however, serial-filers must surmount § 1915(g), which states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). A prisoner barred from proceeding IFP due to the § 1915(g)'s "three strikes" provision must pay the complete $350 filing fee when he initiates suit.[1] *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001). A "struck" prisoner's complaint is thus dismissed without prejudice. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).

Goodman is a frequent filer in federal court who has clearly accumulated the three strikes necessary to bar him from future IFP

---

[1] Goodman was released from prison after filing this suit. (Doc. 6.) His release, however, does not obviate the need to conduct a § 1915(g) inquiry. A plaintiff's status *at the time of filing* is determinative. "[S]ubsequent release from prison [does] not entitle [plaintiff] to proceed IFP on an action that he brought while he was a prisoner subject to the three-strikes bar." *Torns v. Miss. Dep't of Corrs.*, 421 F. App'x 316, 317 (5th Cir. 2010); *Harris v. City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010) ("Had Congress intended that the three strikes rule would no longer apply once a prisoner had been released, it would have written the statutory provision differently.").

filings in federal court. *See, e.g., Goodman v. Donald*, No. CV604-127, doc. 6 (S.D. Ga. Nov. 29, 2004) (collecting three strikes and dismissing under the § 1915(g)). Indeed, he is listed as a party in more than thirty civil actions filed in this district alone, and according to the Public Access to Electronic Court Records database (PACER), Goodman has similarly plagued the Middle and Northern Districts. *See* PACER, *available at* http://www.pacer.gov (last visited Apr. 23, 2012). Despite his extensive filing history, he has also blatantly lied on his complaint form by indicating that he has not filed any other suits in federal court dealing with facts other than those involved in the present action. (Doc. 1 at 2.) Regardless, without a showing of "imminent danger of serious physical injury," his complaint is subject to dismissal.

To fit within § 1915(g)'s "imminent danger" exception, Goodman must make "specific allegations of present imminent danger that may result in serious physical harm." *Skillern v. Jackson*, 2006 WL 1687752 at *2 (S.D. Ga. June 14, 2006) (citing *Brown v. Johnson*, 387 F.3d 1344, 1349 (11th Cir. 2004)). General and conclusory allegations not grounded in specific facts will not suffice. *Margiotti v. Nichols*, 2006 WL 1174350 at *2

(N.D. Fla. May 2, 2006). Nor can "a prisoner . . . create the imminent danger so as to escape the three strikes provision of the PLRA.'" *Ball v. Allen*, 2007 WL 484547 at *2 (S.D. Ala. Feb. 8, 2007) (citing *Muhammad v. McDonough*, 2006 WL 1640128 at *1 (M.D. Fla. June 9, 2006)). Goodman does not come close to making such a showing. He simply complains that the amenities at the Federal Courthouse in Statesboro Georgia were inadequate to his needs as a wheelchair-bound paraplegic. (Doc. 1; doc. 5 at 1-3.) His complaints are entirely focused on an alleged past inconvenience, not any present or likely future harm. As he is not "under imminent danger of serious physical injury," 28 U.S.C. § 1915(g), he is barred as a three-striker, and his case should be **DISMISSED WITHOUT PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  2nd  day of May, 2012.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA